**FILED**

**SEPTEMBER 29, 2008**

KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| KENNETH RAY SOWELL, PRO SE, | § |
| also known as | § |
| KENNETH SOWELL, | § |
| TDCJ-CID # 1322390, | § |
| Previous TDCJ-CID No. 678664, | § |
| Previous TDCJ-CID No. 976331, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §    2:08-CV-0073 |
| | § |
| LESLIE K. WELLS and | § |
| MATTHEW N. GILLIAM, | § |
| | § |
| Defendants. | § |

## REPORT AND RECOMMENDATION

Plaintiff KENNETH RAY SOWELL, acting pro se and while a prisoner incarcerated in

the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to

Title 42, United States Code, Section 1983 complaining against the above-referenced defendants

and has been granted permission to proceed in forma pauperis.

Plaintiff claims his First Amendment rights were violated when his legal mail was

opened outside his presence. Plaintiff requests an award of nominal damages.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an

action with respect to prison conditions under any federal law, the Court may evaluate the

complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.

1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A;

28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any

federal law by a prisoner confined in any jail, prison, or other correctional facility, where such

suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be

conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir.

1991)[2].

 The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged

by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer

by defendants.

## THE LAW AND ANALYSIS

 Specifically, plaintiff alleges a letter which he had mailed to an attorney was open when

it was returned to him undelivered. Plaintiff says that on January 4. 2008, defendant GILLIAM

delivered brought the letter to plaintiff along with an inter-office communication, an IOC,

informing plaintiff that his incoming correspondence has been placed in general correspondence

and opened in error. The IOC was signed by defendant WELLS. Plaintiff says defendant

GILLIAM said he didn't know who had opened the mail and that it had simply been lying there

opened.

 Plaintiff has attached to his Complaint as exhibits both a copy of the IOC and the

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of Spears should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

returned letter in question. Plaintiff states he is suing defendants WELLS and GILLIAM for opening and reading his legal mail outside his presence.

Interference with a prisoner's legal mail by a prison official may violate the prisoner's constitutional right of access to the courts; it may also violate the prisoner's First Amendment right to free speech, that is, freedom from unjustified governmental interference with communication. *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993).

An inmate alleging denial of access to the courts must demonstrate an actual injury stemming from the defendants' unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999). If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid. *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992). Plaintiff has made no allegation that he suffered any actual injury stemming from the challenged conduct. Therefore, plaintiff has utterly failed to state an access to courts claim.

As to any claim of unjustified government interference with communication, a prisoner's constitutional rights are not violated by the opening and inspection of his incoming legal mail even where such does violate a prison regulation imposing such a requirement. *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993). Plaintiff's mail addressed to an attorney had left the prison mail system and a had entered the United States Postal Service system. Upon its return to the prison mail system, that piece of mail became incoming mail. Therefore, any opening and inspection of the mail outside of plaintiff's presence did not violate plaintiff's right to be free

from unwarranted governmental interference with communication.  Any claim on this ground,

lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct.

1827, 104 L.Ed.2d 338 (1989).

Finally, despite his speculative allegation that the named defendants opened and read his

legal mail outside his presence, plaintiff has not alleged any fact to support this claim.  The facts

plaintiff presents only show that defendant WELLS signed the IOC notifying plaintiff of the

unauthorized opening of his mail and that defendant GILLIAM delivered the mail and the IOC

back to plaintiff.  Further, even if plaintiff alleged facts showing one or both of these defendants

actually opened and read the mail, such an allegation would support, at best, merely a claim of

negligence.  Section 1983 imposes liability for deprivation of constitutionally protected rights,

not for violations of tort duties of care.  *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir.

1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d

662 (1986)(inmate slipped on pillow left on stairs).  Therefore, plaintiff has failed to state a

claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections

1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the

RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil

Rights Complaint by plaintiff KENNETH RAY SOWELL filed pursuant to Title 42, United

States Code, section 1983 be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND

WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN

BE GRANTED.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of September 2008.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14ᵗʰ) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).